IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## LARRY JOE JONES v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5943      Joseph H. Walker, Judge**

_____

**No. W2005-01172-CCA-R3-HC  - Filed December 5, 2005**

_____

The petitioner, Larry Joe Jones, appeals from the trial court's summary dismissal of his *pro se* petition for writ of habeas corpus. Following our review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Larry Joe Jones, Henning, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case represents an appeal from the trial court's dismissal of the petitioner's *pro se* petition for writ of habeas corpus. In 1980, the petitioner was convicted on two counts each of aggravated kidnapping and aggravated rape, and one count of grand larceny. On appeal, this Court affirmed the convictions for aggravated kidnapping and grand larceny but reversed and dismissed the aggravated rape convictions. State v. Jones, No. 37, Shelby County (Tenn. Crim. App., at Jackson, Mar. 19, 1981) *perm. app. denied* (Tenn. June 29, 1981). The petitioner subsequently filed several state and federal petitions attacking his convictions and sentences, the denial of the most recent petition for post-conviction relief having been affirmed by this Court in 1998. See Larry Jones v. State, No. 02C01-9708-CR-00331 (Tenn. Crim. App., at Jackson, Apr. 22, 1998), *perm. app. denied* (Tenn. Sept. 14, 1998); see also Larry Jones v. State, No. 02C01-9207-CR-00162 (Tenn. Crim. App., at Jackson, Feb. 10, 1993), *perm. app. denied* (Tenn. June 1, 1993).

On April 4, 2005, the petitioner filed a *pro se* petition for writ of habeas corpus challenging the validity of his sentences. In the petition, he alleged that his sentences were illegal and void

because the judgment forms causing his restraint were incomplete. In its order summarily dismissing the petition, the trial court found that the petitioner had failed to allege any grounds warranting habeas corpus relief.

The petitioner now appeals the trial court's dismissal, arguing that his sentences are void because the judgment forms were not completed pursuant to Tennessee Code Annotated section 40-35-209(e). Essentially, the petitioner contends his sentences are illegal and void because the judgment forms do not designate his offender status or designate whether his sentences run concurrently or consecutively.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Looking at the record before us, we conclude the petitioner failed to state a cognizable claim for habeas corpus relief. First, the petitioner was convicted and sentenced prior to the promulgation of the 1989 Sentencing Act. The petitioner has failed to provide any argument regarding whether retroactive application of the 1989 Sentencing Act is mandated in this case. Second, Tennessee Code Annotated section 40-35-209 provides a remedy for incomplete judgment forms, allowing the sentencing court to complete or correct the judgment form. Tenn. Code Ann. § 40-35-209(g). On this basis, this Court has previously determined that incomplete judgments representing technical omissions or defects do not constitute void judgements. See e.g., Kent Ousley v. David Mills, Warden, No. W2004-02078-CCA-R3-HC, 2005 WL 1457792 (Tenn. Crim. App., at Jackson, June 17, 2005); John Haws Burrell v. Howard Carlton, Warden, No. E2004-01700-CCA-R3-HC, 2005 WL 544732 (Tenn. Crim. App., at Knoxville, March 8, 2005); Anthony K. Goods v. Tony Parker, Warden, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901 (Tenn. Crim. App., at Jackson, Oct. 13, 2004); Eddie J. Phifer v. State, No. M2003-02236-CCA-R3-HC, 2004 WL 392370 (Tenn. Crim. App., at Nashville, Mar. 3, 2004). A defect which renders a judgment merely voidable is not subject to collateral attack via habeas petition. See Archer, 851 S.W.2d at 164. In the instant case, nothing

in the record demonstrates that the trial court lacked jurisdiction to convict and sentence the petitioner, or that the petitioner's sentences have expired. Therefore, the petitioner failed to state a cognizable claim for habeas corpus relief, and the trial court did not err in summarily dismissing his petition. The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE